Filed 3/26/26 Rinche v. Necib CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARIO ANTONIO RINCHE,<br><br>    Plaintiff, Cross-defendant and Appellant,<br><br>v.<br><br>KHALID NECIB,<br><br>    Defendant, Cross-complainant and Respondent. | A174028<br><br>(Contra Costa County Super. Ct. No. N25-0329) |

Mario Antonio Rinche appeals from the trial court's issuance of a six-month civil harassment restraining order (CHRO) against him. He contends the CHRO was entered due to various procedural and evidentiary errors.

We conclude that because the CHRO expired on December 10, 2025, the court did not renew the order, and there is no information that respondent Khalid Necib has sought any further restraining orders against Rinche, the appeal will be dismissed as moot.[1]

---

[1] On December 15, 2025, Rinche filed a motion to augment the record with various documents related to other court proceedings. This court previously construed the motion as a request for judicial notice and deferred ruling as to Exhibits A–C. We now deny Rinche's request as to those exhibits because the records are not required for our disposition of this matter.

This dispute appears to stem from conflict between Rinche, a third individual, Frederick Eaton, who Rinche describes as his "ex-romantic partner," and Necib, who Rinche describes as Eaton's "new partner."

*Background*

In early 2025, Rinche filed a request for a CHRO against Necib. The court denied this request on March 12, 2025. Rinche sought reconsideration of the order, which was subsequently denied by the court on May 19, 2025.

Rinche filed another request for a CHRO in late May, 2025. Necib then filed a cross-petition for a restraining order against Rinche. The court granted Necib's temporary restraining order (TRO) against Rinche as to Necib and his daughter, but denied the request as to Rinche's contact with government agencies. The court also denied Rinche's request for a TRO.

On June 10, 2025, the court again denied Rinche's request for a CHRO and granted Necib a six-month CHRO "with the same terms of the temporary order." The court denied Rinche's request to stay enforcement of the CHRO pending this appeal. Rinche subsequently appealed.

This court requested the parties provide supplemental briefing on the question of mootness because the CHRO expired on December 10, 2025—five days prior to Rinche filing his opening appellate brief. In response, Rinche filed a supplemental brief alleging the appeal is not moot. Specifically, Rinche asserted (1) meaningful relief is available because the restraining order—although expired—carried "continuing stigma," (2) short term civil

---

[2] We resolve this case by memorandum opinion, reciting only those facts necessary to resolve the issue raised. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

harassment orders are capable of repetition yet evade review, and (3) public interest and due process considerations support review.

*Analysis*

Rinche makes several claims on appeal regarding the CHRO, including that it was based on altered and/or fraudulent evidence, the court excluded his video evidence and declarations, the court erroneously classified Rinche's service of demand letters as harassment, Rinche did not consent to a commissioner presiding over the matter, and the court improperly mixed filings from different cases. He also claims Necib submitted a false "deceased" notice to the court. However, based on the record before this court, the CHRO appears to have expired in December 2025 and was not renewed. And Rinche's brief concedes the CHRO expired on December 10, 2025.

This court "may examine a suggestion of mootness on its own motion." (*City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 479.) "[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." (*Lincoln Place Tenants Association v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.) " 'It is well settled that an appellate court will decide only actual controversies and that a live appeal may be rendered moot by events occurring after the notice of appeal was filed. We will not render opinions on moot questions or abstract propositions, or declare principles of law which cannot affect the matter at issue on appeal.' " (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866.) As such, " ' "[i]f relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot." ' " (*Harris v. Stampolis*

(2016) 248 Cal.App.4th 484, 495, quoting *City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1079.)

Three general exceptions may apply to the rules regarding mootness: " ' "(1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination." ' " (*Harris v. Stampolis, supra*, 248 Cal.App.4th at p. 495.)

Here, the six-month CHRO was issued on June 10, 2025. By its terms, it expired on December 10, 2025. The same controversy appears unlikely to recur between the parties because nothing in the record indicates Necib attempted to renew the CHRO. Likewise, the record does not indicate this dispute involves an issue of public interest, and there are no material questions that remain for the court's determination as to the CHRO since it expired. Nor has Rinche identified any authority supporting his position that avoiding "continuing stigma" is a valid basis for considering a moot appeal. At oral argument, Rinche maintained the CHRO would continue to impose concrete harm, such as in connection with his professional licenses or travel, but he failed to provide any substantive argument in his briefs or evidence to support these claims. Accordingly, we cannot provide Rinche any effective relief, and we dismiss the appeal as moot.[3] In doing so, we expressly do not opine on whether the CHRO was properly issued.

---

[3] Rinche also requests other relief inappropriate for disposition here. First, he requests this court "[r]einstate the February 21 2025 TRO." However, Rinche failed to provide a complete copy of this order. Presumably, the TRO expired as of the date of the hearing—March 4, 2025—and again no effective relief is possible. Second, he requests this court remand Department 57 for representing that Commissioner Yamamoto is a judicial officer and recommend a criminal referral against Necib. But apart from requesting

4

## DISPOSITION

The appeal is dismissed as moot.  In the interests of justice, the parties are to bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

---

such relief as "requested disposition," Rinche does not provide any meaningful analysis of the legal basis supporting such requests.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].)

PETROU, J.

WE CONCUR:

TUCHER, P. J.

FUJISAKI, J.

A174028 / *Rinche v. Necib*